[901 NYS2d 858]

In the Matter of ROBERT JOHN DeMERS, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 8, 2010

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Antonia Cipollone* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On November 18, 2008, the Supreme Court of the State of New Jersey Disciplinary Review Board (hereinafter Review Board) issued a reprimand to the respondent for violating New Jersey Rules of Professional Conduct rules 1.13 (b) and 8.4 (d).

The respondent served as counsel to the City of Paterson Zoning Board of Adjustment (hereinafter Board) from 1989 to 2006. It was alleged that, as counsel to the Board, the respondent was responsible for ensuring that the Board complied with the resolution/requirements for New Jersey Statutes Annotated § 40:55D-10 (g), requiring zoning boards to memorialize their decisions via resolutions, and that his failure to do so contributed to the Board's remaining statutorily noncompliant.

The City had a long-standing tradition of using the Board's minutes to memorialize its actions because requiring resolutions for all applications to the Board was too time-consuming and expensive. Therefore, Edward Murphy, the Board's Chair from 1975 to 2001, and the former mayor had orally agreed to shift the burden of producing those documents to the city attorney, who would then work from the Board's transcribed minutes. In 1989, Murphy advised the respondent not to prepare memorialization resolutions unless it appeared that the applicant would be filing an appeal from the Board's determination. Murphy unsuccessfully tried to persuade the City to allocate additional funds for an attorney to draft memorialization resolutions.

The respondent never prepared resolutions and refused to do so when ordered by two judges and at least two Board chairs. On two occasions during the respondent's tenure as the Board's counsel, the Board's practice of using its minutes in lieu of memorialization resolutions was the subject of litigation and resulted in rulings against the Board in 1995 and 1997. The Board, nonetheless, decided to proceed with its practice of not memorializing resolutions.

The New Jersey District IIB Ethics Committee (hereinafter Ethics Committee) found that the respondent had failed to comply with the statute, the Board's instructions to prepare the resolutions, and the two court orders. The Ethics Committee also found that the respondent failed to take remedial action to prevent the Board from conducting its business in violation of the law. The Ethics Committee recommended a reprimand.

Upon de novo review, the Review Board found, by clear and convincing evidence, that the respondent's conduct was unethical. As the Board's attorney, the respondent had an obligation to advise his client that its practice of not preparing resolutions was a violation of the Municipal Land Use Law (NJ Stat Ann § 40:55D-1 *et seq.*). Had he done so, and had the Board persisted in its long-standing practice, the respondent's duty was to withdraw as the Board's counsel. While it may not have been the respondent's responsibility to memorialize the resolutions, he was required to proceed in the best interest of the Board. The Review Board concluded that this included an obligation to advise the Board that it was in violation of the law and to explain the consequences thereof. In aggravation, the Review Board considered the respondent's misrepresentations to successive Board members, both by silence and affirmation, of the two prior court orders. In mitigation, the Review Board noted the respondent's previously unblemished record and decided upon a reprimand as the appropriate sanction.

The Grievance Committee for the Ninth Judicial District (hereinafter Grievance Committee) served the respondent with a notice pursuant to 22 NYCRR 691.3 informing him of his right to raise, within 20 days, any of the defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c).

Although the respondent acknowledged receipt of the 691.3 notice on October 19, 2009, he has neither asserted any of the enumerated defenses nor demanded a hearing. By letter to the Court received on November 6, 2009, the respondent indicated an intent to assert a formal response to the notice along with defenses. The respondent also indicated that he was considering the preparation of an appeal based on evidence that was not included in the decision-making process of the Review Board. On November 18, 2009, he verbally advised the Court that he was "in the process of preparing and sending papers." When no papers were forthcoming, attempts were made to contact the respondent at the two telephone numbers provided for him; both were nonworking numbers. In view of the time elapsed since the respondent's representation that he would be making some submission to the Court and the absence of any further communication between the respondent and the Court, there is no impediment to the imposition of reciprocal discipline at this juncture.

Based on the findings of the Review Board, the petitioner's application to impose reciprocal discipline is granted, and the respondent is publicly censured in New York.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FISHER, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent is publicly censured for his professional misconduct.